Forum US, Inc. v. Flow Valve, 18-1765 Mr. Peterson, I see that you've reserved two minutes of your time for rebuttal. Is that correct? Yes.  You may begin, sir. May it please the Court, the question here is how clear an original patent needs to be to support reissued claims that have been brought. Our answer is that the original patent needs to be clear enough so that a person of ordinary skill in the art can understand that those claims are supported by the original patent. Didn't we answer that question in Tarras? In a sense, yes, but the Court answered it even before that in the Amos case in 1991. And in Amos, the Court said the test is essentially a factual issue, is whether a person of ordinary skill in the art would understand that the original patent supported the reissued claims. So here, that was exactly the evidence we offered. We offered evidence from a machinist who was a person having skill in the art. And the trial judge said, that's not enough. So Mr. Peterson, you would agree that this case sort of stands or falls on the, from your standpoint, stands or falls on the strength of the I. F. Frady Declaration? Yes. If you didn't have that, you wouldn't be in front of us, right? I think the answer to that has to be yes, you wouldn't. I'm willing to concede that, Judge. Yeah. So we have to, so does it really come down then to the question of whether what Mr. I. F. Frady says in his declaration is enough to, as a matter of law, to get over the hurdle of 251, no new matter? I would agree with you, except for one proviso, as a matter of law. I would suggest this is a matter of fact. Now, the Hester case says 251 is a matter of law. Well, true, but if Mr. I. F. Frady says in his declaration A, B, and C, and the cases, starting with the industrial chemicals, Amos, Riley, Antares that Judge Rayna mentioned, if those cases stand for the proposition that A, B, C isn't good enough, then you're out as a matter of law. That's what I was thinking. In other words, what Mr. I. F. Frady says has to be enough in terms of what the cases have said is okay. See what I'm saying? Yes. So, what we offered here was evidence from a person with skill in the art. He said he read the original patent's disclosure, and a person with skill in the art would understand that the reissued claims were supported by the original disclosure. That's what he said. Yeah, he said would understand, would appreciate, and would recognize. Those were his words. He had to say that because he himself had more skill than the person. What evidence in the specification did he point to for that conclusion? Column three, mainly, where the patent talks about the purpose of the arbors, which is the feature that... The arbors, in Marblon, arbors are specifically related to lathing. True. So, why does that help you? I mean, this is the problem for me, is that even though there are some stray references to general machining, almost everything it talks about is in terms of lathing, or things that are used with lathing, and not, I think your theory is that this could also extend to milling. Most of the actual words in the patent, I agree, discuss lathing. But Mr. Iafretti says an artisan would understand, given the purpose identified for the arbors, that they're an optional feature. You wouldn't need to have them in order to practice the invention. That's what he says in his invention. Because of the purpose... But how do we know that, looking at the specification? Well, you may not know, because you're not people... You're not machinists. That's why I ask you what evidence he relied on in the specification. Because otherwise, he's just a conclusory allegation of, you'd look at this. He did give a... He needs to explain, I've looked at the specification, these parts of it lead me to think that a skilled artisan, such as myself, would read this as extending beyond lathing. And the first thing you pointed me to was a statement about arbors, which involves lathing. So, can you give me something better than that? A worker of... I'm quoting from Appendix 181, Paragraph 18. A worker of ordinary skill would understand from the patent that arbors are provided in order to locate the fixture relative to the lathe and to keep it attached. He cites from the patent where it says that. Then on the next page, in Paragraph 19, a worker of ordinary skill would appreciate from the patent, including the patent passage cited above, that arbors are an optional feature. That worker would recognize that other configurations of components could serve the same purpose. And then he goes on to explain, gives an example. But that last thing you cited, what's his support for that in the specification? Did you cite any... Otherwise, it sounds to me an awful lot like Antares, where the patent specifically described some specific things. They came back with a reissue and said, oh, we want to add some additional limitations, which aren't specifically mentioned, but aren't specifically excluded. And we said, that's not enough. And so if we read the specification as being directed all at lathing and arbors, and you can't point me to anything else besides lathing and arbors, then why isn't this just exactly like Antares, where the argument is, well, you could have understood this, even if it doesn't specifically reference it. Well, let me answer the first question. I don't think it has to be in the specification. If somebody skilled in the art, a machinist, with his knowledge of those processes, can read the patent and understand it's optional. And I think paragraph 19, that's what he's doing. That's why he is not citing to the specification. That's because he's relying on the knowledge of an artist. That's not what our law is. We require a clear and unequivocally disclosed and newly claimed invention. That's Antares. That's certainly correct. But the question that Antares court didn't answer is, how clear? How unequivocal? And- Well, you got to point to something at least. You got to go to the specification and point to it. I mean, you at least have to point to something ambiguous in this to get to the expert declaration, don't you? I mean, the expert can't just come in out of the blue and say, well, it doesn't talk about this, but I would say that this clearly includes it. Well, he has said an artisan would understand- I mean, you could have gotten the same thing in Antares. I know it probably wasn't there, but you could have got the expert to come in and say, well, this specification doesn't talk about these additional health and safety features, which I think was what was added. But everybody knows that you would have wanted those, so a skilled artisan would have understood the patent to disclose those. Well, that's not right. That's the same thing here is, this is all directing at Lathing. There's nothing that excludes milling, so a skilled artisan would say, well, yeah, that could have been enough. It's not what a skilled artisan could have found this to include, but what the patent does include. And so when you don't tie it to a specification language, I think you have a hard time. So I've asked you a couple times, if you have any specific language in the specification,  Not beyond what I've said, Judge. Now, maybe it's worth it to just look at this from a different angle. What would our original patent, what would it needed to have looked like to satisfy the trial judge here? And I would suggest, how would it have to be changed? I would suggest very, very little. You could add one word to this patent, optional, where you were discussing the arbors. And I think you would have satisfied the trial judge. And the question I would ask is, how important should that one word be? Well, it's everything if that's what means the inventor meant it to be optional, as opposed to direct it only to specific arbors and lathing. Sure, if you'd thrown in the word optional, or said examples such as milling or lathing, you'd have an easy case. Mr. Iafretti says, an artisan who read the patent would understand from the disclosure in the patent that they're optional. I just don't understand how you go to, I mean, I know this isn't the same kind of analysis, but it's very similar. When we're looking to determine the meaning of claim terms, when we're looking in the light, we don't jump to expert testimony at the start. We look at the claims and the specifications. And only then, if it's ambiguous or undecided, can we get expert testimony. You still have to have something to tie it here to. And if you don't have anything to tie it to, then I don't see how the expert testimony helps you. I would simply add that, let me go back to my point, which is, what would the patent look like if we put in the arbitrary thing? Our expert said, an artisan who was reading the patent. And the law says, Title 35, from top to bottom says, patents are to be read by artisans, not by lawyers, not by judges. So. But even the artisan reading the patent has got to base his opinion on the patent, on the written description, or some part of the patent, a claim or something, and say, I base this decision on this paragraph, or these words. And I agree with Judge Hughes. I mean, we don't have that. Our witness based it on paragraph 18, describing the purpose of the arbors. And based on that purpose, he said an artisan would understand there are other configurations that could accomplish the same purpose. Without having arbors. Okay. That's what we've got. Okay. You're close to rebuttal time. Do you want to reserve that? Yes. I think we have your arguments. Mr. Jasmine. Thank you, Your Honor. May it please the court. I think the point that the court has hit on here is that Mr. Iafrati was not saying that there was any teaching in the patent of a fixture with arbors. What he was saying is that he could read the patent and figure out another invention, not disclosed in the specification, that didn't have arbors. And this is not a territory that has not already been decided by this court and by the Supreme Court, as the Industrial Chemicals Court stated. It is not enough that an invention might have been claimed in the original patent because it was suggested or indicated in the specification. Rather, the specification must clearly and unequivocally disclose the newly claimed invention as a separate invention.  This court, in the Antares case, characterizing U.S. Industrial, said that in U.S. Industrial, the hint, suggestion, or indication that water was optional was not enough to save the reissued claims. So I think, Judge Hughes, you hit on an important point that it could make all the difference in the world if the word optional with respect to arbors was actually mentioned. Then you might be able to argue that there was some teaching that something other than arbors, or that arbors could be omitted from the invention. I mean, I find this difficult because it's on summary judgment. So, even if it's a factual question, we can show you those facts most favorably to your friend on the other side. And this is the type of piece of equipment that seems like if it had been written, the patent had written better, the arbors could have been optional and it could have used different, am I wrong, it wouldn't have been hard to modify this, to adapt it to use the kind of connectors you need for milling. That's correct. The patent could have been drafted to include the alternatives to arbors that Mr. Iafretti specifically mentioned. It's in his declaration. But all he says is that someone reading this invention would know that there are other things that could be used other than arbors in other cutting machines to do that, not that the patent itself teaches these alternatives. Just for purposes of summary judgment, why wouldn't that be enough? That's not enough because what the cases say is that, for instance, U.S. Industrial says it must appear from the face of the instrument that what is covered by the reissue was intended to have been covered and secured by the original. The U.S. Industrial specifically says what the role of expert testimony is. The court can receive expert evidence to ascertain the meaning of a technical or scientific term or term of art so that the court may be aided in understanding not what the instruments mean, but what they actually say. So at best here, what they're saying is someone could read the specification and they would extrapolate this to another invention that they would come up with. There is no testimony from Mr. Iafretti, as the court has pointed out, saying this patent actually teaches a fixture without arbors. In our view, as a matter of law, there's no disputed issues of fact here. Everyone agrees that there is no explicit disclosure of a fixture without arbors in the specification, and we think as a matter of law that the district court must be affirmed. If the court has no further questions, I will yield the remainder of my time. Thank you very much. Thank you. Mr. Peterson, you have two minutes. Unless you have my- Actually, you have three minutes. Thank you, Judge. Unless you have more questions, I have nothing further to say. We don't have any more questions. We thank the parties for their arguments this morning. This court will now stand in recess. All rise. The honorable court is adjourned from day today.